**UNITED STATES of America**

v.

**Roberto SUAREZ, Jr.**

**No. 80–205–CR–EPS.**

United States District Court,
S.D. Florida,
Criminal Division.

Dec. 22, 1982.

Donald Graham, Asst. U.S. Atty., Miami, Fla., for plaintiff.

Irwin Block, Miami, Fla., for defendant.

MEMORANDUM OPINION AND ORDER ALLOWING VOICE IDENTIFICATION TESTIMONY.

SPELLMAN, District Judge.

The Government has filed a Petition for Review of the Magistrate's ruling that three conversations between Drug Enforcement Agency (DEA) Agent Richard Fiano and the Defendant could not be used by Agent Fiano for voice identification purposes at trial. These conversations occurred on three separate dates in August, 1982 after the Defendant had been indicted and while he was in custody of the Government. The Defendant had retained counsel at the time of the conversations; however, counsel was not present during the conversations.

There is some discrepancy as to who initiated the conversations, though the Court will assume for the purpose of this motion that Agent Fiano initiated at least one of the discussions. There exists no dispute as to the contents of the discussions. Agent Fiano and the Defendant exchanged greetings with the Defendant remarking that Agent Fiano had lost some weight and had shaven his beard. The record indicates that the conversations were short and limited to pleasantries.

The Government has represented that it will not introduce the contents of these conversations for their testimonial value. However, the Defendant has reason to believe that at trial the Government will have Agent Fiano identify the Defendant's voice on several tape recordings based on Fiano's conversations with the Defendant in August. The Defendant seeks to suppress the use at trial of these conversations by Agent Fiano to identify the Defendant's voice. In the alternative, Defendant asserts that Agent Fiano should only be allowed to identify Defendant's voice at trial once Fiano has demonstrated that he is able to recognize the voice independently of the August conversations.

Defendant claims that since the conversations, or "aural show ups", amounted to the taking of a voice exemplar in the absence of his counsel, they were violative of his Sixth Amendment rights. Defendant contends that under *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) counsel is required at post-indictment identification procedures.

Both *Wade* and *Gilbert* dealt in part with the presence of counsel during a pre-indictment lineup. *Gilbert* also addressed *inter alia,* whether counsel need be present during the taking of a handwriting exemplar. *Wade* stands for the proposition that "a post-indictment pre-trial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his Sixth Amendment right to counsel and calls in question the admissability at trial of the in-court identifications of the accused by witnesses who attended the lineup." *Gilbert* 388 U.S. at 272, 87 S.Ct. at 1956. The Court in *Wade* held that potential for prejudice in a lineup was so great that defendant would have no meaningful way to discover and reveal the unfairness of the lineup procedure. *Wade* 388 U.S. at 241, 87 S.Ct. at 1939–40. Much of the Court's reasoning concerned the particular and unique way in which pre-trial lineups could undercut the ability of the defendant to challenge the lineup procedure at trial. *Wade* 388 U.S. at 228–241, 87 S.Ct. at 1932–39.

In analyzing the issue in *Wade,* the Court adopted the position that any pre-trial confrontation of the accused should be scrutinized to determine whether the presence of counsel is necessary to preserve the defendant's basic right to a fair trial as affected by his right meaningfully to cross examine the witnesses against him and to have effective assistance of counsel at the trial itself. *Wade* 388 U.S. at 227, 87 S.Ct. at 1932. "It calls upon us to analyze whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid the prejudice". *Wade* 388 U.S. at 227, 87 S.Ct. at 1932. The court contrasted the prejudice that could accrue to a defendant in a lineup with the possible prejudice arising in the other pre-trial preparatory steps. In the latter case, effective and meaningful cross examination would be available to the Defendant through the use of systematic or scientific analysis of the accused's fingerprints, blood sample, cloth-ing, hair and the like. *Wade* 388 U.S. at 227, 87 S.Ct. at 1932. No such meaningful cross examination would be afforded to the Defendant in the case of a lineup. The Court stated:

> We think there are differences which preclude such stages being characterized as critical stages at which the accused has the right to the presence of his counsel. Knowledge of the techniques of science and technology is sufficiently available, and the variables in techniques few enough, that the accused has the opportunity for a meaningful confrontation of the Government's case at trial through the ordinary processes of cross-examination of the Government's expert witnesses and the presentation of the evidence of his own experts. The denial of a right to have his counsel present at such analyses does not therefore violate the Sixth Amendment; they are not critical stages since there is minimal risk that his counsel's absence at such stages might derogate from his right to a fair trial.

*Wade,* 388 U.S. 227–228, 87 S.Ct. at 1932–33.

In *Gilbert,* the Court held that the taking of handwriting exemplars from the accused was not a "critical" stage of the criminal proceedings entitling petitioner to the assistance of counsel. The Court stated:

> Putting aside the fact that the exemplars were taken before the indictment and appointment of counsel, there is minimal risk that the absence of counsel might derogate from his right to a fair trial. Cf. *United States v. Wade, supra.* If, for some reason, an unrepresentative exemplar is taken, this can be brought out and corrected through the adversary process at trial since the accused can make an unlimited number of additional exemplars for analysis and comparison by government and defense handwriting experts. Thus, "the accused has the opportunity for a meaningful confrontation of the [State's] case at trial through the ordinary processes of cross-examination of the [State's] expert [handwriting] witnesses and the presentation of the evi-

dence of his own [handwriting] experts." *United States v. Wade, supra,* at 227–228 [, 87 S.Ct. 1932–33].

*Gilbert* 388 U.S. at 267, 87 S.Ct. at 1953–54.

The Supreme Court has not determined whether counsel need be present during the taking of a voice exemplar or an "informal" voice exemplar. This Court has found only two reported cases in which the present issue was considered. *United States v. Woods,* 544 F.2d 242 (6th Cir.1976); *United States v. James,* 496 F.Supp. 284 (W.D. Oklahoma 1977).

In *James,* the Defendant read a passage into a tape recorder while in custody at the police station and without counsel being present. The recorded passage was then sent to a forensic laboratory for comparison with previously recorded telephone conversations in which the same words were spoken. The Court, in *James,* citing *Wade,* held that the identification should be suppressed, *United States v. James,* 496 F.Supp. at 288.

In *Woods,* the Defendants contended that the government agents created opportunities to speak to each of the defendants in person and over the telephone after their arrests by discussing the procedure for the return of the seized property. *Woods* 544 F.2d at 263. The conversations were brief and "matter of fact." *Woods* 544 F.2d at 263. The Court, without citing authority, held that "there is no requirement that counsel be present for conversations about such routine matters when no effort at interrogation is made." *Woods* 544 F.2d at 263.

■ This Court believes that based on the *Wade* and *Gilbert* cases the taking of an "informal" voice exemplar of the Defendant in the absence of his counsel is not violative of the Defendant's Sixth Amendment rights.

■ The taking of a voice exemplar is more closely analogous to the taking of a handwriting exemplar as discussed in *Gilbert* than it is to the lineup procedure scrutinized in *Wade.* The taking of a voice exemplar is not a critical stage in the pre-

trial process. If, for some reason, an unrepresentative exemplar is taken, this can be brought out at trial. The Defendant has the opportunity for a meaningful confrontation of the Government's case, specifically the testimony of Agent Fiano, through the ordinary procedure of cross-examination and through the presentation by the Defendant of his own voice identification experts and evidence.

The Government's Petition for Review is GRANTED. The Government may use, if it wishes, the testimony of Agent Fiano to identify the Defendant's voice on tape recordings. Agent Fiano may utilize the August conversations in making his identification of the Defendant's voice; he need not establish his ability to recognize the Defendant's voice independently of the August conversations.